**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DEON M. RATLIFF,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX LAPE, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-512<br><br>District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Kimberly A. Jolson |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff, a former pretrial detainee at the Fairfield County Jail, filed a civil rights action in the Fairfield County, Ohio, Court of Common Pleas under 42 U.S.C. § 1983 and state law against the Fairfield County Sheriff, an arresting officer, and three corrections officers at the Jail. (Doc. 1). In an Amended Complaint—the operative pleading in this case, *see Yates v. Applied Performance Techs, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002)—Plaintiff added five unidentified Jail medical staff members as Defendants and alleged that he was subjected to an unlawful arrest, unconstitutional conditions of confinement, and deliberate indifference while confined at the Jail. (Doc. 3). The action was removed to this Court on the basis of original jurisdiction under 28 U.S.C. §§ 1331 and 1343 (Doc. 1). The Court has determined that removal was appropriate. 28 U.S.C. §§ 1441(a).

The case is currently before the Court for an initial screening of the Amended Complaint to determine whether it or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief. *See* 28 U.S.C § 1915(e)(2). *See also Anderson v. Memphis Union Mission*, No. 2:22-cv-2402, 2023 WL 2429496, at *2 (W.D. Tenn. Mar. 9, 2023) ("Under Sixth Circuit authority and § 1915's aims, federal courts should screen a removed complaint if a state court grants a plaintiff pauper status before removal.") (citing cases). The case is also before the Court on a motion to dismiss filed by Defendants Sheriff Lape, Officer Brannon, and Corrections Officers Lawson, Moore, and Sullivan. (Doc. 4).

## I. LEGAL STANDARD

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under, in relevant part, § 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. FACTUAL BACKGROUND

In the summer of 2025, Plaintiff was arrested by Defendant Officer Brannon for first-degree misdemeanor domestic violence, following Brannon's observing red marks on the arm of a child. (Doc. 3 at 2). Plaintiff contends that Brannon lacked probable cause to arrest him because a female at the scene, Kimberly McClain, had admitted to punching Plaintiff and because Brannon

had stated that he did not believe Plaintiff had intended to hurt the child. (*Id.*). Plaintiff also alleges that Brannon falsely included in an arrest report that Plaintiff had a history of mental health issues. (*Id.*).

Following his arrest, Brannon apparently transported Plaintiff to the Fairfield County Jail, where he was placed on suicide watch on three separate occasions. (*Id.*). On one occasion, Defendant Corrections Officer Moore allegedly placed him on watch. (*Id.* at 3). According to Plaintiff, he was required to strip out of his clothing, was denied bedding, and was forced to sleep on a cold floor that was contaminated with feces. (*Id.*). On the other two occasions, Plaintiff alleges that the Defendant Corrections Officers Moore, Sullivan, and Lawson observed him being stripped down and "denied all bedding and basic necessities" but failed to intervene. (*Id.*).

Plaintiff also alleges that while at the Jail he developed painful canker sores and went six days without eating. (*Id.*). He alleges that despite his screaming and crying, Defendants provided only salt water and occasional Tylenol. (*Id.*). Plaintiff contends that Defendant Moore observed his difficulty eating but failed to provide him a liquid diet. (*Id.*). Plaintiff further alleges that he was denied effective medical care until he agreed to plead guilty to a separate charge. (*Id.*).

For relief, Plaintiff seeks monetary damages. (*Id.* at 4).

## III. ANALYSIS

Based on the above allegations, Plaintiff states that he is bringing claims under the Fourth Amendment for false arrest/judicial deception; the Fourteenth Amendment for equal protection/gender bias; the Eighth and Fourteenth Amendments for unconstitutional conditions of confinement, deliberate indifference, and medical neglect; and Ohio law for intentional infliction of emotional distress. (*Id.* at 3–4). The Court also understands Plaintiff to bring a separate

conspiracy claim relating to his medical care. (*See id.*). For the following reasons, Plaintiff's § 1983 claims should be dismissed and his state-law claims remanded to the Fairfield County Court of Common Pleas.

### A. False Arrest

As an initial matter, the Court notes that the doctrine announced under *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that a civil rights lawsuit is barred if it would necessarily imply the invalidity of a plaintiff's prior criminal conviction or sentence, unless the plaintiff establishes that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus," *id.* at 512 U.S. 486–87, does not bar consideration of Plaintiff's false arrest claim. Because a review of the state-court docket in the underlying criminal matter reveals that Plaintiff's domestic violence charge was *nolle prosed* as part of a plea in another criminal matter,[1] *Heck* is inapplicable. *See Quarles v. City of Zainesville*, No. 2:24-cv-3963, 2025 WL 745597, at *3 (S.D. Ohio Mar. 7, 2025), *report and recommendation adopted*, 2025 WL 1043525 (S.D. Ohio Apr. 8, 2025).

Plaintiff's false-arrest claim is governed by the Fourth Amendment. *See Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020). "It is well established that any arrest without probable cause violates the Fourth Amendment." *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003). Whether probable cause exists depends on the totality of the circumstances. *Courtright v.*

[1]The docket in Plaintiff's Fairfield County Municipal Court domestic violence case, No. CRB2500690, was viewed at https://search.fcmcourt.org/recordSearch.php?k=acceptAgreementsearchForm2328 (by searching under Plaintiff's name and case number). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

*City of Battle Creek*, 839 F.3d 513, 521 (6th Cir. 2016). There must be "'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense.'" *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). "As a result, plausibly alleging a lack of probable cause requires a plaintiff to plead facts about the circumstances of the interaction, so the Court can evaluate the objective facts known to the police officer at the time of the arrest or the search." *Bronson v. Martin*, No. 1:24-cv-77, 2025 WL 1141891, at *3 (S.D. Ohio Apr. 17, 2025) (citing *Rice v. Jones*, No. 23-3972, 2023 WL 8369996, at *2 (6th Cir. June 23, 2023). In other words, when a complaint does not set forth sufficient factual allegations to support an inference that officers lacked probable cause, the claim should be dismissed. *See Rice*, 2023 WL 8369996, at *2 (finding the plaintiff failed to "allege any facts to support an inference that the defendants lacked probable cause to arrest him" when he merely alleged that troopers "falsely accused and arrested" him on "conjured up charges").

Plaintiff has failed to plausibly allege the absence of probable cause. A person commits first-degree misdemeanor domestic violence in Ohio when they "recklessly cause serious physical harm to a family or household member." Ohio Rev. Code § 2919.25(B). Plaintiff concedes that a child at the scene was found with red marks on his arm and that Officer Brannon believed Plaintiff to have caused those marks. (Doc. 3 at 2). While Plaintiff may not have believed that the red marks on the child's arm were sufficiently serious to warrant the charge, he has failed to allege any objective facts known to Officer Brannon showing that the charge was invalid. *See Bronson*, 2025 WL 1141891, at *3. *See also State v. Worrell*, No. 04-AP-410, 2005 WL 736529, *9 (Ohio

Ct. App. Mar. 31, 2005) (noting "courts have recognized that bruising constitutes serious physical harm under certain circumstances") (citing cases), *rev'd on other grounds, sub nom. In re Ohio Criminal Sentencing Statutes,* 847 N.E.2d 1174 (Mem.) (Ohio 2006); *State v. Burdine-Justice*, 709 N.E.2d 551, 556 (Ohio Ct. App. Mar. 30, 1998) (finding that bruising could constitute temporary, serious disfigurement for a child). Further, the fact that Plaintiff's charge was eventually *nolle prosed* does not save this claim. "[A]n arrest grounded in probable cause does not become invalid simply because charges are later dropped[.]" *Manley v. Paramount's Kings Island*, 299 F. App'x 524, 530 (6th Cir. 2008).

Plaintiff's false-arrest claim should therefore be dismissed.

**B. Judicial Deception**

Nor can Plaintiff state a claim for judicial deception, by which the Court understands Plaintiff to mean fraud on the court. (*See* Doc. 3 at 3). Plaintiff does not challenge any actions by Defendants before this Court. *See Lewis v. Walker*, No. 17-6041, 2018 WL 4348063, at *4 (6th Cir. Mar. 15, 2018) ("[Plaintiff] cites no authority to support his proposition that a claim of fraud upon the court can be used to recover damages in a § 1983 action for fraud alleged to have occurred in a prior proceeding."); *Stephens v. Nat'l City Corp.*, No. 1:19-cv-784, 2020 WL 435439, at *8 (N.D. Ohio Jan. 28, 2020) ("Plaintiff may only maintain a fraud upon the court cause of action in the court where the alleged fraud was committed."). Plaintiff's claim for fraud on the Court should therefore be dismissed.

**C. Equal Protection/Gender Bias**

Plaintiff's equal protection/gender bias claim is also subject to dismissal. The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be

treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state an equal protection claim, Plaintiff must show intentional and arbitrary discrimination by the state; that is, he must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Solly v. Hoying*, No. 2:24-cv-1249, 2026 WL 1026794, at *2 (S.D. Ohio Apr. 16, 2026) (quoting *Coleman-Young v. Bonn*, 2025 WL 718974, at *6 (W.D. Mich. Mar. 6, 2025)) (in turn citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Liberally construing the Amended Complaint, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff to assert that Officer Brannon used a double standard based on gender to arrest him for the red marks on the child's arm but not to arrest McClain, who allegedly punched Plaintiff. (*See* Doc. 3 at 2). But "[d]iscriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences . . . . It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Robinson v. City of Richmond Police Dep't*, No. 3:23-cv-363, 2023 WL 6931327, at *4 (E.D. Va. Oct. 19, 2023) (quoting *Personnel Adm'r v. Feeney*, 442 U.S. 256, 279 (1979)). Plaintiff has failed to allege that he was arrested due to purposeful discrimination. Rather, as noted, Plaintiff concedes that the child had red marks on his arm and that Officer Brannon believed Plaintiff was responsible. (Doc. 3 at 2). In the absence of allegations of intentional discrimination, Plaintiff's equal protection/gender bias claim should be dismissed. *See Robinson*, 2023 WL 6931327, at *4 (finding no purposeful discrimination where the plaintiff alleged that the police "'used double standards based on race' to arrest him, the father of a child, . . . but failed to arrest the mother for denying him visitation rights").

**D. Conditions of Confinement**

Although Plaintiff alleges his conditions-of-confinement claims under the Eighth and Fourteenth Amendments, "[t]he Fourteenth Amendment [not the Eighth Amendment] applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)). The Court will therefore consider Plaintiff's claims under the Fourteenth Amendment.

The framework for stating a conditions-of-confinement claim under Fourteenth Amendment—like the Eighth Amendment—includes both an objective and subjective prong. *Assi v. Hanshaw*, 625 F. Supp. 3d 722, 745 (S.D. Ohio 2022). To satisfy the objective prong "a plaintiff must show 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Velasquez v. Lewis*, No. 4:20-cv-00172, 2022 WL 1914072, at *2 (W.D. Ky. June 3, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show "that [the Defendant] acted 'deliberately' and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Assi*, 625 F. Supp. 3d at 745 (quoting *Brawner*, 14 F.4th at 596). Additionally, conditions-of-confinement claims "are highly fact-specific" and "the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204 (6th Cir. 2017). Therefore, the Court should "consider the interrelationship between the severe conditions and their duration" when evaluating the merits of a conditions-of-confinement claim. *Francis v. Altiere*, 491 F. App'x 539, 543 (6th Cir. 2012).

Here, Plaintiff alleges he was placed on suicide watch for an unspecified amount of time on three occasions at the Jail, which included him being placed naked into a cell without bedding

or unidentified "basic necessities" and that the cell floor was cold and had feces on it. (Doc. 3 at 2–3). But "[i]t is well-established that the presence of *some* unsanitary conditions in a cell (including fecal matter) does not establish [a constitutional] claim, except in circumstances where the volume of matter and duration of exposure are extreme." *Edge v. Mahlman*, No. 1:20-cv-892, 2021 WL 3725988, at *3 (S.D. Ohio Aug. 23, 2021), *report and recommendation adopted,* 2022 WL 20113138 (S.D. Ohio Mar. 18, 2022). Similarly, neither the deprivation of a mattress and bedding nor hygiene items for a fixed period of time violates the Constitution. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011). Under these standards, the Court cannot plausibly infer from the allegations in the Amended Complaint that Plaintiff's placement on suicide watch was under conditions that would violate the Fourteenth Amendment. *See Edge*, 2021 WL 3725988, at *3; *Richmond*, 450 F. App'x at 455. *See also Moore v. Reno*, No. 4:24-cv-70, 2024 WL 4447233, at *2 (W.D. Ky. Oct. 8, 2024) ("Because Plaintiff does not allege how long he was forced to stay in the [suicide] cell, . . . he has failed to satisfy the objective component of a Fourteenth Amendment claim."). Plaintiff's conditions-of-confinement claim should therefore be dismissed.

### E. Deliberate Indifference

Turning next to Plaintiff's deliberate-indifference claim, Plaintiff alleges that Defendant Moore and unidentified Jail medical staff failed to provide adequate medical care for his canker sores. A Fourteenth Amendment deliberate-indifference claim brought by a pretrial detainee requires a plaintiff to show that (1) he suffered an objectively serious medical need; and (2) the defendants acted or failed to act intentionally and either ignored the serious medical need or "recklessly failed to act reasonably to mitigate the risk the serious medical need posed." *Grote v. Kenton Cty.*, 85 F.4th 397, 405 (6th Cir. 2023) (quoting *Greene v. Crawford Cty.*, 22 F.4th 593,

607 (6th Cir. 2022)).

"The objective component requires the existence of a 'sufficiently serious' medical need." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 104). A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). The subjective component requires an inmate to show that prison officials had a "sufficiently culpable state of mind" in providing inadequate medical care. *Farmer*, 511 U.S. at 834. Under the Fourteenth Amendment deliberate-indifference test for pretrial detainees, the Sixth Circuit has analyzed the subjective prong to "require only recklessness." *Greene v. Crawford Cty.*, 22 F.4th 593, 606 (6th Cir. 2022). In other words, a "pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* (quoting *Brawner*, 14 F.4th at 597).

Plaintiff's deliberate-indifference claim is subject to dismissal. Multiple Courts have concluded that canker sores do not present an objectively serious medical need. *See Keen v. Wexford Med.*, No. 7:24-cv-00067, 2025 WL 928845, at *3 (W.D. Va. Mar. 27, 2025) (citing cases). Even when the canker sores are allegedly "discomforting especially over long periods of not being treated," they do not constitute a constitutional injury. *Williams v. Thompson*, No. 19-cv-2035, 2019 WL 1585038, at *1, *4 (D. Kan. Apr. 12, 2019). While the Court is sympathetic to the discomfort that Plaintiff asserts he endured, "canker sores are not an objectively serious medical condition for purposes of a pretrial detainee's deliberate indifference claim." *Keen*, 2025 WL 928845, at *3.

Plaintiff's attempt to state a constitutional claim based on alleged medical neglect (Doc. at 3) fares no better. Alleged negligence in diagnosing or treating medical conditions is not actionable under Section 1983. *Byrd v. Wilson*, 701 F.2d 592, 595 n.2 (6th Cir. 1983); *Estelle*, 429 U.S. at 106.

Accordingly, Plaintiff's Fourteenth Amendment deliberate-indifference claims should be dismissed.

**F. Conspiracy**

Nor has Plaintiff stated a viable conspiracy claim. According to Plaintiff, he was denied adequate medical care "until he entered a guilty plea on a separate charge." (Doc. 3 at 3). Plaintiff does not identify the case in which he pleaded guilty, but the Court presumes it to be Fairfield County Municipal Court Case No. CRB2500872, in which Plaintiff pleaded guilty to a first degree misdemeanor charge of telephone harassment (Ohio Rev. Code § 2917.21) as part of the *nolle prosequi* dismissal of the domestic violence charge underlying this case.[2]

Plaintiff's conspiracy claim is a non-starter. "In the absence of a viable underlying constitutional claim, the district court [does] not err by dismissing [Plaintiff]'s claim of a conspiracy to violate his constitutional rights." *Montgomery v. Ferentino*, No. 20-3114, 2021 WL 3204843, at *3 (6th Cir. Feb. 24, 2021) (alterations in original). Plaintiff cannot succeed on his conspiracy claim related to his medical care because he has failed to allege an actionable underlying deliberate-indifference claim. *See id.* And because Plaintiff's conspiracy claim fails as a matter of law, the Court need not consider whether the claim would also be barred by *Heck*.

[2]The docket in Plaintiff's Fairfield County Municipal Court telephone harassment case, No. CRB2500872, was viewed at https://search.fcmcourt.org/recordSearch.php?k=acceptAgreementsearchForm2328 (by searching under Plaintiff's name and case number). *See Lynch*, 382 F.3d at 648 n.5.

*See Kitchen v. Whitmer*, 106 F.4th 525, 534 (6th Cir. 2024) (noting that the Sixth Circuit has "implied that *Heck* is not jurisdictional").

**G. Sheriff Lape**

Additionally, Plaintiff's claims against Sheriff Lape are subject to dismissal. Plaintiff does not include any factual allegations against Defendant Lape in the Amended Complaint, and the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).

Moreover, "[s]upervisory liability is not an independent cause of action under § 1983, and in order to state a § 1983 claim against supervisory personnel Plaintiff must allege both an underlying constitutional violation and a connection between the supervisor's actions and the violation." *Thurston v. Kokor*, No. 1:22-cv-00636, 2022 WL 22838070, at *3 (E.D. Cal. June 1, 2022). *See also Noble v. Collins,* No. 2:08-cv-0881, 2009 WL 1107802, at *4 (S.D. Ohio Apr. 23, 2009) (noting that supervisory liability "simply does not constitute an independent constitutional claim"). Likewise, "[t]here can be no liability under *Monell* [*v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978),] without an underlying constitutional violation." *Martinez v. Wayne Cnty., Michigan*, 142 F.4th 828, 844 (6th Cir. 2025) (quoting *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023)) (alteration in original).

As such, for the same reasons that Plaintiff's conspiracy claim fails, any individual-capacity supervisory liability or official-capacity municipal liability claims against Sheriff Lape, or other supervisory staff, fail to state a claim for relief and should be dismissed.

### H. Plaintiff's State Law Claims

Finally, having recommended that Plaintiff's § 1983 claims be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c). *See also Steele v. Lvnv Funding LLC*, No. 3:15-cv-263, 2016 WL 593593, at *3 (E.D. Tenn. Feb. 12, 2016) ("This case now involves solely state-law claims, so considerations of comity favor remand."); *Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. 2010) (affirming the district court's conclusion "that exercising supplemental jurisdiction 'would not foster judicial economy and would result in . . . needlessly resolving issues of state law.'"); *Duff v. Yount*, 51 F. App'x 520, 522 (6th Cir. 2002) (affirming district court's decision declining jurisdiction over plaintiff's supplemental state-law claims and remanding those claims to state court once it found no basis upon which to exercise federal jurisdiction). Therefore, Plaintiff's state-law claims should be remanded to the Fairfield County Court of Common Pleas.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's § 1983 claims be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

2. Plaintiff's state-law claims be **REMANDED** to the Fairfield County Court of Common Pleas for further proceedings pursuant to 28 U.S.C. § 1367(c).

3. In light of the above recommendations, the motion to dismiss the Amended Complaint filed by Defendants Lape, Brannon, Lawson, Moore, and Sullivan (Doc. 4) be **DENIED without prejudice as moot.**

4. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good

faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: October 19, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).